IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMIAH MICHAEL SCOTT, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-225-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner JEREMIAH MICHAEL SCOTT, JR. challenging the constitutional legality or validity of his state court conviction and sentence.    For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On April 6, 2010, petitioner was charged by Complaint in Potter County, Texas, with the 2nd degree felony offense of possession of a controlled substance in violation of section 481.116(d) of the Texas Health and Safety Code.    *State v. Scott*, No. 61,447-Z.    The Complaint alleged petitioner, on or about April 3, 2010:

> [D]id then and there, intentionally and knowingly possess a controlled substance, namely, 3, 4-methylenedioxymethamphtamine, in an amount of four grams or more but less than four hundred grams, by aggregate weight, including any adulterants and dilutants.

[ECF 18-3 at 5].    On April 7, 2010, counsel was appointed to represent petitioner in said cause.

[*Id*. at 7].    On February 2, 2011, petitioner was charged by Indictment with the same offense. *State v. Scott*, No. 61,447-E.    [*Id*. at 10].

On June 8, 2011, a jury was empaneled in the 108th Judicial District Court of Potter County to try petitioner for the indicted offense.    After petitioner absconded at the lunch break, counsel tried the case before a jury.    During the trial, police officers testified, without objection, concerning the circumstances that led to the discovery of pills containing the controlled substance in petitioner's vehicle, as well as petitioner's post-arrest incriminating admission that the pills were his and that he had purchased them at an Amarillo restaurant.    [ECF 18-10 at 9].    The jury found petitioner guilty *in absentia* of the offense of possession of a controlled substance as alleged in the Indictment.    [ECF 18-3 at 15; 18-6 at 10].    After hearing evidence at the punishment phase of the trial, the state district court assessed petitioner's punishment *in absentia* at the maximum sentence, twenty (20) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and imposed a $10,000 fine.    [ECF 18-6 at 11].

Petitioner was subsequently found in the custody of the Oklahoma Department of Corrections and returned to Potter County.    [ECF 18-10 at 3].    On June 3, 2013, new counsel was appointed to represent petitioner at sentencing.    On September 25, 2013, the trial court pronounced the same maximum sentence and imposed the same fine in petitioner's presence and entered Judgment, with the trial court's signature ultimately being affixed October 1, 2013.    [ECF 18-6 at 5-6].

Petitioner, represented by newly appointed appellate counsel, filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas, alleging trial counsel rendered ineffective assistance (for the same reasons asserted in the instant federal habeas application and for additional reasons).    [ECF 18-1].    On March 3, 2015, the state intermediate appellate court affirmed petitioner's conviction in a written opinion.    *Scott v. State*, No. 07-13-

00323-CR.    [ECF 18-10].    Petitioner did not seek review of the affirmance of his conviction by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On May 15, 2015, petitioner purportedly placed a *pro se* state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on May 21, 2015.    [ECF 19-5 at 5-18].    By his state habeas application, petitioner alleged (1) ineffective assistance of trial counsel for failing to advise petitioner of a 10-year plea offer from the State prior to trial; and (2) fundamental error by the trial court for failing to have petitioner medically tested to determine his competency to stand trial.    On July 8, 2015, the Texas Court of Criminal Appeals dismissed petitioner's application as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure.    *Ex parte Scott*, No. 83,522-01.    [ECF 19-1].

On September 22, 2015, petitioner purportedly placed a second *pro se* state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on September 24, 2015.    [ECF 19-12 at 5-23].    By this second state habeas application, petitioner alleged ineffective assistance of counsel for failing to (1) advise him of a 10-year plea offer from the State prior to trial; (2) properly confer with petitioner to prepare and prosecute petitioner's case, including filing motions, objecting to evidence and presenting evidence; (3) move for a continuance in order to secure a necessary trial witness; and (4) move to suppress the illegal search and seizure of petitioner's vehicle.    On February 24, 2016, after obtaining an affidavit from petitioner's trial counsel and the state prosecutor, the trial court entered findings of fact and conclusions of law.    [ECF 19-11 at 4-8].    On April 22, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the findings of the trial court without a hearing.    *In re Scott*, No. 83,522-02.    [ECF 19-6].

On June 14, 2016, petitioner purportedly placed a third state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on June

20, 2016.   [ECF 19-15 at 5-23].   By this third state habeas application, petitioner challenged the constitutionality of his conviction alleging (1) the search of his vehicle was illegal and unconstitutional; (2) he was denied his right to compulsory process to have a witness testify on his behalf; and (3) petitioner is actually innocent of the possession offense of which he was convicted. On September 7, 2016, the Texas Court of Criminal Appeals dismissed petitioner's third state habeas application as successive.   *In re Scott*, No. 83,522-03.   [ECF 19-14].

On October 16, 2016, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system, such application being received and file-stamped by this Court on October 18, 2016.   [ECF 3].   On March 8, 2017, respondent filed an Answer to petitioner's application arguing petitioner's claims are not cognizable, are procedurally barred, or are without merit.   [ECF 16].   Petitioner did not file a reply to respondent's answer.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.   Evidence obtained as a result of an illegal search and seizure was used to convict petitioner in violation of his Fourth Amendment rights;

2.   The trial court committed "fundamental error" by not allowing petitioner to be examined to determine his competency to stand trial, resulting in a denial of due process;

3.   Petitioner's Sixth Amendment right to compulsory process was violated when the trial court denied counsel's request for a trial continuance to obtain a necessary witness; and

4.   Petitioner was denied his constitutional right to effective assistance of counsel because trial counsel failed to:

a.   adequately investigate petitioner's case, timely meet with petitioner, or spend any time preparing petitioner's case for trial;

    b.   file a pre-trial motion to suppress;

    c.   convey the State's 10-year sentence plea offer to petitioner;

    d.   object to critical issues;

    e.   file a proper written motion for continuance of petitioner's trial; and

    f.   present any defense at the punishment phase of trial.

## III.
## STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.   28 U.S.C. § 2254(a).   However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless petitioner shows that the prior adjudication:

1.     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).    A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.   *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).   An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts.   *Id.*

{ "pageset": "Sab  This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing

evidence.   28 U.S.C. § 2254(e).   The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").   Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing.   *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review).   A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *See Hill,* 210 F.3d at 489; *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous.   *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) (holding a "denial" signifies an adjudication on the merits).   It is a decision on the merits and is entitled to the federal statutes' standard of deference.   28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive."). The Supreme Court has reconfirmed that section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"   *Harrington v. Richter,* 562 U.S. 86, 100 (2011).   Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."   *Id.* at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Id*. at 100 (*quoting Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).    This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so.    *Id*. at 102.

Finally, the Supreme Court has also held that review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.    *Cullen v. Pinholster,* 563 U.S. 170 (2011).    Perhaps more compelling, the Supreme Court made clear that section 2254(e)(2) – the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record) – has no application when a federal court reviews claims pursuant to section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2).    *See id.* at 183-86 (showing that the Supreme Court explicitly rejected the proposition that section 2254(d)(1) has no application when a federal court admits new evidence under section 2254(e)(2)); *see also id.* at 203 n. 20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1) ] our analysis is at an end.    We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.").    The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review.    If a claim has been adjudicated on the merits by a state court, a federal petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185.    Therefore, this Court must review the reasonableness of the state court determinations under section 2254(d), with reference only to the record actually before the state court.

Here, petitioner filed a state habeas application challenging the constitutionality of his conviction and sentence alleging many of the same grounds alleged in the instant federal habeas petition.    On April 22, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on findings of the trial court without a hearing.    *In re*

*Scott*, No. 83,522-02 [ECF 19-6].    The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits.    *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).    Consequently, this Court's review is limited to a determination of whether petitioner has shown the state court's decision that (1) petitioner's Fourth Amendment rights were not violated in the underlying state trial court criminal proceeding, (2) petitioner was not denied his constitutional right to a competency evaluation, (3) petitioner was not denied his Sixth Amendment right to compulsory process, and (4) petitioner was not denied his constitutional right to effective assistance of counsel during pretrial or at trial, was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

## IV.
## MERITS

As noted in respondent's Answer, petitioner does not allege in his habeas application, much less prove, the threshold standards to obtain federal habeas relief.    Instead, petitioner merely repeats the same allegations from his second state habeas application without attempting to show in what way the state court's denial of relief was based on an unreasonable application of federal law as determined by the United States Supreme Court, or on an unreasonable determination of facts in light of the evidence.    Petitioner did not file a reply to respondent's answer.

### A.   Fourth Amendment Claim

In his first ground, petitioner asserts evidence obtained as the result of an illegal search and seizure in violation of his Fourth Amendment rights was used to obtain his conviction of the charged possession of a controlled substance offense.    Specifically, petitioner asserts he refused to consent to a search of his vehicle, but that officers, nonetheless, conducted a warrantless,

unlawful search that "revealed pills under the driver seat of the vehicle."    [ECF 4 at 2].

When a state has provided an opportunity for a defendant to fully and fairly litigate his or her Fourth Amendment claim, federal habeas corpus relief may not be granted on the basis that evidence obtained in an unlawful search or seizure was used at trial.    *Stone v. Powell*, 428 U.S. 465, 494 (1976).    The Fifth Circuit has interpreted the phrase "an opportunity for full and fair litigation" to mean simply "an opportunity."    *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F. 2d 1188, 1192 (5th Cir. 1978)).    Specifically, "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."    *Id.*

Here, petitioner has not asserted, much less shown, he was not individually provided a process by which he could have raised his Fourth Amendment claim during the underlying state criminal proceeding.    Nor has petitioner alleged, let alone proven, that the state systematically denies all defendants the opportunity to litigate Fourth Amendment claims.    Petitioner's first ground for relief alleging a Fourth Amendment violation as a result of an illegal search and seizure is not cognizable in this federal habeas proceeding and should be dismissed.

### B.   Denial of Competency Evaluation

In his second ground, petitioner argues the trial court committed "fundamental error" by "not allowing [petitioner] to be examined by a psychiatrist to determine [his] competency to stand trial."    Petitioner appears to argue such fundamental error by the state trial court resulted in the denial of petitioner's constitutional right to due process.    Although far from clear, petitioner then appears to suggest the trial court should have found he could not meet the competency standard to stand trial, *i.e.*, that he did not possess a "sufficient present ability to consult with his attorney," "due to his absence" from the trial.    This claim should be dismissed as it is unexhausted and

procedurally barred from consideration on federal habeas review.

Federal statute provides:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)    there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) . . .

(3) . . .

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.    The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.    *Castille v. Peoples*, 489 U.S. 346, 349 (1989).    In order to satisfy the federal exhaustion requirement, a petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.    *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983).    In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement.    Tex. Code Crim. Proc. Ann. art. 44.45 (2015).    Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2016), or on direct appeal by a petition for discretionary review.    Tex. R. App. P. 68.1 (2015).

It does not appear petitioner has presented any claims regarding fundamental trial court error for failure to conduct a competency hearing or any denial of due process as to his lack of competency to stand trial to any state court, much less to the Texas Court of Criminal Appeals. Instead, petitioner appears to raise this claim for the first time in the instant federal habeas petition. Petitioner has failed to exhaust his state court remedies with regard to this claim.

When a petitioner has failed to exhaust state court remedies with regard to a claim and the state court to which he would be required to present the unexhausted claim would find the claim procedurally barred, the federal procedural default doctrine precludes federal habeas corpus review of the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (unexhausted claim that would be barred by the state abuse of the writ doctrine if raised in a successive state habeas petition was procedurally barred by federal procedural default doctrine). Any attempt by petitioner to present this unexhausted claim regarding competency to stand trial or failure to conduct a competency hearing in a subsequent state habeas application would be dismissed by the Texas Court of Criminal Appeals as abusive unless petitioner were able to demonstrate the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (2015).

Before this Court can consider the merits of petitioner's unexhausted and procedurally defaulted claim, he must establish cause for his default and actual prejudice as a result of the alleged violation of federal law, or he must demonstrate that the Court's failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. A miscarriage in this context requires a showing that petitioner is actually innocent of the offense of which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994). Petitioner has not argued or even attempted to make the requisite showing of cause and prejudice. Petitioner's second ground should be denied.

C.   Denial of a Continuance

On June 8, 2011, during a pretrial hearing, defense counsel orally moved for a continuance of petitioner's trial, scheduled for that day, on the basis that "one of the primary witnesses is in prison in Oklahoma City."   [ECF 18-12 at 7].   The state prosecutor advised the trial court he had not known where the witness was and that if he had known, he would have subpoenaed her for petitioner's trial.   [*Id*. at 7-8].   The prosecutor explained he would have liked to have called her as a witness also because she was a witness to the offense, but that he could not find her.   [*Id*. at 8].   The prosecutor advised the trial court, however, that even though he would have liked to have called her as a witness, it was not necessary to the prosecution of his case and that he would leave the decision of whether to grant a continuance to the discretion of the trial court.   [*Id*.]. Defense counsel advised the trial court he had only learned of the witness's whereabouts the day prior to the pretrial hearing.   [*Id*.].   When questioned by the trial court, petitioner advised he had only learned of the witness's whereabouts the week prior to the pretrial hearing when he read about her incarceration in a weekly publication in the local Oklahoma City newspaper.   [*Id*. at 8-12]. The trial court denied the motion to continue and ordered trial to take place that day as scheduled. [*Id*. at 12].

By his third ground, petitioner contends he was denied compulsory process as a result of the trial court's denial of defense counsel's oral motion for a continuance to attempt to obtain a witness for trial.   Petitioner raised this ground in his third state habeas application, which was dismissed as successive.   *In re Scott*, No. 83,522-03 [ECF 19-14].

Federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default.   *Coleman*, 501 U.S. at 729.   In such an instance, a state petitioner cannot obtain federal habeas relief absent

a showing of cause for the default and actual prejudice attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice.    *Id*. at 750.

Here, petitioner raised this third ground *only* in his third state habeas application that the state's high criminal court dismissed as successive.    This explicit application of a state procedural bar to petitioner's claim also acts as a bar to this Court's consideration of his claim.    *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (state court's application of the 11.07 § 4 procedural bar to a petition for state habeas relief barred consideration of those same claims on federal habeas review).    Petitioner has not attempted to demonstrate cause for, or prejudice as a result of, his default.    Consequently, petitioner's third ground should be denied.

## D.    Effectiveness of Counsel

In her March 8, 2017 Answer, respondent thoroughly and accurately briefed statutory and case law regarding the applicable standards of review for claims of ineffective assistance of counsel.    [ECF 16 at 12-14].    The Court will not repeat respondent's recitations regarding these well-established standards of review, except to reiterate claims of ineffective assistance of counsel require a petitioner to show defense counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).    If a petitioner fails to show either the deficiency or prejudice prong, the Court need not consider the other prong.    *Id.* at 697. Moreover, when a state prisoner asks a federal court to set aside a state court conviction or sentence due to ineffective assistance of counsel (such as here), the court must use a "doubly deferential" standard of review that gives both the state court and the defense attorney the benefit of the doubt by crediting all reasonable state court factual findings and presuming defense counsel's performance fell within the bounds of reasonableness.    *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

### 1.    Investigation of Case, Filing of Pre-Trial Motions, and Preparation for Trial

Under Ground 4.a., petitioner argues counsel was deficient for failing to investigate petitioner's case to discover and/or conclude "petitioner's only defense was a motion to suppress." Petitioner also contends counsel was deficient for failing to meet with petitioner in person until the week prior to trial and also for failing to spend any "time in preparation for the trial." Under Ground 4.b., petitioner contends counsel was deficient for failing to file "pretrial motions in preparation for trial," *viz*., a motion to suppress evidence. Although petitioner does not specifically indicate how he was prejudiced by the above alleged deficiencies on the part of counsel, petitioner concludes he was denied his right to effective assistance of counsel.

On direct appeal, in considering petitioner's claims of counsel's failure to investigate suppression of the evidence and failure to file a motion to suppress, the state intermediate appellate court noted most of the record regarding seizure of the incriminating evidence came from the officers' testimony. [ECF 18-10 at 12]. That court, finding the testimony appeared to be direct and consistent, determined it was likely the trial court would have found such testimony credible. The appellate court held that based on the record, counsel could have reasonably concluded an effort to suppress the pills found in petitioner's vehicle and his alleged admission of possession to an officer would be fruitless and, specifically, that a motion to suppress would not have been meritorious. [*Id.* at 12-13]. In addressing petitioner's claim that counsel was deficient for failing to adequately prepare for trial, the state intermediate appellate court determined this complaint relied on the content of counsel's fee request voucher, which reflected counsel charged a flat fee of $1,000 for compensation for services performed from April 15, 2010 through June 15, 2011. The court noted, however, that the voucher did not contain an itemization of the services counsel rendered and further that the record did not contain an explanation of its contents from counsel. [*Id.* at 6]. After a thorough discussion of petitioner's complaints and the evidence, the appellate court concluded that, critical to the ineffectiveness determination, the record did not

"establish prejudicial error by counsel in the conduct of pretrial matters" or, more specifically, how trial counsel's representation prejudiced petitioner's defense.    [*Id*. at 13].

On state habeas review, in response to these complaints, trial counsel provided an affidavit wherein he averred that upon his appointment to the case on April 7, 2010, he accessed the State's file pursuant to its "open file" policy and reviewed its contents.    [ECF 19-11 at 9-10].    Counsel averred that in preparing for trial on June 8, 2011, he continued to review the State's file including police reports, photographs, and lab reports, and familiarized himself with the evidence.    Counsel avowed that in his "discussions with [petitioner], he did not speak of any issues that [counsel] felt would require a court's ruling prior to the commencement of trial."    [*Id*.].    Counsel averred he kept petitioner apprised of the status of his case, including notifying him of all court dates. Counsel acknowledged he did not file any pretrial motions but explained, in his professional opinion, "there were no issues to raise before the court prior to trial."    [*Id*.].    Counsel further acknowledged he met with petitioner in person the week prior to trial at which time petitioner requested the presence of a certain witness but was unable to provide counsel with any information concerning where counsel could find the witness.

Petitioner's initial allegation appears to be that counsel was deficient because he failed to adequately investigate petitioner's case to find a valid basis on which to seek suppression of the inculpatory evidence against petitioner.    In his related claim, petitioner contends counsel was deficient for failing to file a pretrial motion to suppress the evidence against him.

"Counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary."    *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997).    To establish that counsel was ineffective as a result of a failure to investigate, it is not enough for petitioner to merely allege a failure to investigate.    *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).    Instead, petitioner must show what such

investigation would have uncovered and how the defense would have benefitted.    *Id.*; *see also Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993).    Moreover, where counsel's failure to assert a Fourth Amendment claim is the alleged basis for ineffectiveness, to demonstrate actual prejudice, petitioner must prove the suppression claim is meritorious and that there is a reasonable probability that the outcome of the proceeding would have been different absent the excludible evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Here, petitioner fails to identify what investigatory actions counsel should have undertaken, but did not, or how such actions would have uncovered any non-frivolous basis for a motion to suppress.    Further, petitioner fails to demonstrate the existence of a meritorious basis for the suppression of the evidence against him or demonstrate a reasonable probability that the trial court would have excluded the evidence if counsel had filed a motion to suppress.    Petitioner fails to conclusively show counsel was deficient for failing to either further investigate the suppressibility of the evidence against petitioner or file a motion to suppress the evidence.    Moreover, petitioner fails to affirmatively prove he was prejudiced by any failure of counsel to further investigate the issue or by counsel's failure to file a motion to suppress.    These claims of ineffective assistance of counsel are without merit and should be denied.

Petitioner also contends counsel was deficient for failing to meet with him in person until the week prior to trial.    In his affidavit, counsel averred he kept petitioner apprised of the status of his case, and also advised his professional opinion of the case was based on "discussion**s**" (emphasis added) he had with petitioner, even though he does not indicate the method or means of these discussions.    Regardless, even assuming the meeting the week prior to trial was the first face-to-face meeting between petitioner and his counsel, petitioner fails to conclusively show this action was deficient on counsel's part but, more importantly, fails to affirmatively prove petitioner was prejudiced by counsel actions.    These claims of ineffective assistance of counsel are without

merit and should be denied.

Lastly, petitioner simply asserts counsel was deficient for failing to spend any "time in preparation for the trial" without any substantiation of his claim. There is no basis in the record – save for petitioner's bare assertion in his pleadings – to support his allegation that counsel failed to, in anyway, prepare for petitioner's trial. Such bald assertions lack probative value and are insufficient to support a habeas claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner's wholly conclusory claim that counsel did not prepare his case for trial fails to conclusively show counsel was deficient in any identifiable manner. Moreover, petitioner fails to affirmatively prove he was prejudiced by any failure of counsel to further prepare for trial.

Moreover, petitioner has not shown the state courts' determination of these grounds was objectively unreasonable. Grounds 4.a. and 4.b. should be denied.

## 2.    Failure to Convey a Plea Offer

In a February 25, 2014 letter to petitioner, appointed appellate counsel wrote:

> I am providing you with a copy of the appeal I filed in your case. I wrote on ineffective assistance of counsel. There was nothing else to write on because your lawyer did not do anything to preserve your rights to appeal. I left you an issue about ineffective assistance of trial during the plea bargain phase of your trial. In looking at the D.A.'s file, I see that you were offered 10 years. If that offer was never conveyed to you, you can file a writ of habeas corpus for ineffective assistance of counsel in that part of your case.

[ECF 4 at 30]. Consequently, in his first application for state habeas relief, petitioner asserted he was denied effective assistance of counsel because trial counsel did not inform him of the State's 10-year sentence plea offer. [ECF 19-5 at 10]. In its Answer to petitioner's state habeas application, the State noted that "[w]hile [petitioner] raised ineffective assistance of counsel on appeal, he did not raise the specific issue regarding his plea bargain offer on direct appeal." [*Id.* at 20]. The State argued that because petitioner had an adequate opportunity to raise the claim on direct appeal but did not, that he had forfeited his claim and that habeas relief should be denied

because the writ of habeas corpus should not be used to litigate matters that should have been raised on direct appeal.    [*Id*. at 20-21].    Petitioner's first habeas application, however, was dismissed by the Texas Court of Criminal Appeals as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure because multiple grounds were alleged on one page.    *In re Scott*, No. WR-83,522-01 [ECF 19-1].

Petitioner raised the issue again in his second application for state habeas relief.    [ECF 19-12 at 10].    In its Answer to petitioner's second state habeas application, the State argued petitioner's contentions were virtually the same as those raised on appeal and addressed by the appellate court, and thus petitioner's habeas application should be denied.    [*Id*. at 27].    After the Texas Court of Criminal Appeals abated the proceedings and remanded, to the trial court, the issue of whether trial counsel rendered ineffective assistance by failing to notify petitioner of any plea offers, trial counsel submitted an affidavit stating:

> In this matter, I recall a plea offer received from the State for seven years and a $1,000 fine which I received on May 20, 2011 with an expiration date of June 3, 2011.    I later received a second plea offer of ten years and $1,000 fine.    I conveyed both offers to my client who did not accept either offer.    On the morning of trial, and after speaking with Mr. Scott, I spoke with the prosecutor to request a renewal of the seven year plea offer. The prosecutor declined to offer seven years, but did agree to a plea offer of ten years incarceration and a fine of $1,000.    I conveyed that plea offer to Mr. Scott who declined the offer and informed me that he wanted a jury trial.

[ECF 19-11 at 9-10].    The State prosecutor also submitted an affidavit stating:

> I . . . can recall that prior to the commencement of trial, I made two plea offers in this case.    On May 20, 2011, I faxed a plea offer of seven (7) years and $1,000 fine with an expiration date of June 3, 2011.    In preparation for trial, I began reviewing the case as well as the defendant's criminal history.    It was then that I realized that [petitioner] had criminal history out of Oklahoma; additionally, I knew that [petitioner's] case would not be tried until June 8.    Therefore, on May 25, 2011, I telephoned [defense counsel] and informed him that, in addition to the previous offer set to expire on June 3rd, that I would make a plea offer of ten (10) years and $1,000 fine if accepted before the day of trial, June 8th.
>
> I received no notice before June 3rd that either offer had been accepted.    On the morning of June 8th while waiting for the venire panel, [defense counsel] and the

> [petitioner] were conversing after which [defense counsel] did approach me and request that I again extend the prior seven (7) year, $1,000 fine plea offer.   I declined to extend that offer.   Although both plea offers had expired at that time, I did agree to once again make a plea offer of ten (10) years and $1,000 fine. Although I was not privy to the conversation between [defense counsel] and his client, I was present in the courtroom and observed them speaking to one another several times while we waited for the venire panel.   [Defense counsel] did not return to inform me that his client had accepted the plea offer; instead, [defense counsel] returned to counsel table and prepared for trial.

[*Id*. at 11-12].   On February 24, 2016, the trial court entered the following Findings of Fact:

> Prior to the trial date, the prosecutor relayed two plea offers to [defense counsel] who relayed the plea offers to [petitioner].   The initial plea offer of seven (7) years incarceration and $1,000 fine had an expiration date of Friday, June 3, 2011.   That plea offer was never accepted. The second plea offer of ten (10) years incarceration and a $1,000 fine had an initial expiration day of Tuesday June 7, 2011.   That plea offer was not accepted.   On the day of trial, June 8th, [defense counsel] requested that the State re-tender the initial plea offer of seven (7) years incarceration and $1,000 fine.   That plea offer was not re-tendered.   On the day of trial, June 8th, the State re-tendered the plea offer of ten (10) years incarceration and $1,000 fine. [Defense counsel] and [petitioner] has sufficient opportunity to discuss the final plea offer of ten (10) years and $1,000 fine prior to the beginning the jury trial and did not notify the prosecutor that [petitioner] accepted any plea offer.   Despite the meetings between counsel and [petitioner], [petitioner] made the decision to proceed to a jury trial.

[*Id*. at 6-7] (formatting omitted).    The trial court also made the following Conclusions of Law:

> Based on the totality of the circumstances, counsel's representation of [petitioner] in this matter did not fall below an objective standard of reasonableness; and [c]ounsel's performance did not result in any deficiencies that prejudiced the outcome of the case nor would have resulted in a different outcome.

[*Id*. at 7] (formatting omitted).

On April 27, 2016, the Texas Court of Criminal Appeals denied petitioner's habeas application without written order on the findings of the trial court without a hearing.   *In re Scott*, No. WR-83,522-02 [ECF 19-6].

Under Ground 4.c., petitioner again argues counsel was ineffective for failing to convey to petitioner the State's plea offer of a 10-year sentence in exchange for his guilty plea.   Petitioner argues not only that counsel's failure to convey the plea offer was deficient, but also that he was

prejudiced by such deficient action because counsel's failure resulted in petitioner, instead, receiving the maximum 20-year sentence.    Petitioner concludes he was thus denied his right to effective assistance of counsel.

Petitioner's claims, again, are conclusory.    Petitioner fails to provide any evidentiary proof that trial counsel failed to inform him of the State's 10-year plea offer.    In its findings on state habeas review, the trial court, apparently finding trial counsel's version of the events credible, found counsel "relayed the plea offers" to petitioner.    [ECF 19-11 at 6].    Petitioner has not provided any evidence to the contrary.    Moreover, petitioner has not pointed to any indication in the record, nor provided any independent evidence, that the state trial court would have accepted the proffered plea deal or that the State would have left its offer open beyond a date and time certain or up until such time that petitioner wished to accept the offer.

The Texas Court of Criminal Appeals adopted the state trial court's findings on state habeas review and denied this ineffective assistance of counsel claim on the merits.    The state courts' implicit and explicit factual findings and credibility determinations are entitled to a presumption of correctness that petitioner has failed to overcome by clear and convincing evidence.    *See* 28 U.S.C. § 2254(e); *Young*, 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11.    Moreover, petitioner has not shown the state courts' determination of this claim was objectively unreasonable. Petitioner's ground 4.c. should be denied.

### 3.    Failure to Object to "Critical Issues"

Under Ground 4.d., petitioner argues counsel was ineffective for failing "to object to critical issues."    Petitioner does not indicate what objections trial counsel should have raised, conclusively show the trial court would have sustained any such unidentified objections, or demonstrate how the lodging of such unidentified objections would have affected the outcome of the trial.    Petitioner's claim is thus conclusory and subject to dismissal.    Moreover, petitioner

has failed to demonstrate this speculative and unspecified claim warrants relief especially when considered under the doubly-deferential standards this Court must employ under *Strickland* and the AEDPA.    Specifically, petitioner has not demonstrated the state court's denial of this claim on the merits was objectively unreasonable.    Petitioner's ground 4.d. should be denied.

### 4.    Motion for Continuance

The record reflects that on the morning of the date of the scheduled trial, counsel asserted an oral motion to continue the trial in order to secure a "primary" fact witness for the defense. [ECF 18-12 at 7].    In response to counsel's motion, the trial court questioned both counsel and petitioner regarding the need for the witness and the reasons for the witness's prior unavailability. [*Id*. at 8-12].    The State advised the trial court it would have called the fact witness for the prosecution if it had known the location of the witness, and that although he "would like to have her," he did not "have to have her."    [*Id*. at 8].    Petitioner advised the trial court he had only learned of the witness's location the previous week, and defense counsel advised he had only obtained information about the witness's whereabouts from petitioner the day before trial.    [*Id*. at 8-12].    After this discussion, the trial court denied defense counsel's oral motion to continue the trial.    [*Id*. at 12].    Under Ground 4.e., petitioner argues counsel was deficient because counsel "failed to file a written motion for continuance in compliance with Article 29.03 of the Texas Code of Criminal Procedure."

On direct appeal, the intermediate appellate court found that "[n]ot securing a continuance for the sake of presenting [the witness's] testimony may well have worked to [petitioner's] benefit," noting the State wanted her testimony but was unable to locate her.    [ECF 18-10 at 13]. The appellate court concluded, "At the least, the record does not show how [the witness's] absence harmed the presentation of [petitioner's] case on guilt or punishment."    [*Id*. at 13].

Petitioner appears to argue counsel was deficient for failing to file a written motion for

continuance, instead relying upon the verbal motion for continuance on the day of trial.    While it is possible counsel could have drafted and filed a written motion for continuance with the Court despite the late notice of the location of the witness, such written motion could only have been filed, at best, the day before trial or, more likely, the day of – contemporaneously with any oral motion for continuance.    Petitioner does not indicate what additional argument should have been included in a written motion, how it would substantially differ from counsel's oral motion, or how a written motion would have been more persuasive to the Court.    In fact, the record tends to rebut the suggestion that a motion for continuance would have been successful if in written form.

Moreover, petitioner has utterly failed to provide any evidence suggesting the witness would have testified, let alone that she would have testified favorably for the defense.    *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (to demonstrate the requisite prejudice for ineffectiveness of counsel concerning an uncalled witness, a petitioner must show that the witness would have testified at trial and that the testimony would have been favorable).    Here, the record reflects the State considered the witness as a favorable witness to the prosecution.

Further, petitioner fails to show the eventual result of the criminal proceeding would have been different even if a continuance had been granted at that point and the witness's testimony eventually secured.    Petitioner fails to conclusively show counsel was deficient for relying upon an oral motion to continue, especially as counsel only learned of the purported location of the witness the day before the scheduled trial, and also fails to affirmatively prove he was prejudiced by any failure of counsel to file a written motion for continuance to secure a witness.

Moreover, petitioner has not shown the state courts' determination of this ground was objectively unreasonable.    Petitioner's ground 4.e. should be denied.

5.    <u>Defense at Punishment</u>

Under Ground 4.f., petitioner argues counsel was ineffective for failing to put on a defense

at the punishment stage of trial.    Specifically, petitioner contends trial counsel "presented no case on punishment."    Petitioner's claim is conclusory and without merit.

Petitioner does not identify what evidence defense counsel should have attempted to put on at the punishment stage of trial, demonstrated the admissibility or relevance of this unidentified defense evidence, or shown how any such evidence would have altered the result of the punishment phase of the proceeding.

To the extent, if any, petitioner is asserting counsel was deficient for failing to call character witnesses to testify on his behalf, the undersigned notes "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."    *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1081).    Moreover, if petitioner is making such a complaint, petitioner has failed to identify such witnesses and to show they would have testified, what the content of their testimony would have been, or how it would have altered the outcome of the trial.

Petitioner has not shown counsel was deficient during the punishment phase of the trial or that he was prejudiced by such deficient performance.    Petitioner's ground 4.f. should be denied.

Lastly, the undersigned finds petitioner has not met his federal statutory burden of demonstrating the state courts unreasonably applied clearly established federal law or unreasonably applied the facts in light of the evidence in determining petitioner's constitutional claims of ineffective assistance of counsel.    Petitioner's claims should be denied.

V.

<u>RECOMMENDATION</u>

For the above reasons and the reasons set forth in respondent's Answer filed March 8, 2017 [ECF 16], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEREMIAH

MICHAEL SCOTT, JR. be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 13, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.    In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.    Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).    **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."    Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.    A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.    *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54:FCR:SCOTT-225.STONE-PROCDFLT-AEDPA:2